UNITED STATES DISTRICT COURT        JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 12-CV-01047 CBM (SP) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *MetLife Home Loans, a division of MetLife Bank, N.A. v. Monique Lauren Quinones, et al.* | | |

| Present: The Honorable | CONSUELO B. MARSHALL | |
|---|---|---|
| Joseph M. Levario | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**     IN CHAMBERS/OFF THE RECORD
**ORDER RE PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND [Docket No. 6]**

The matter before the Court is Plaintiff Metlife Home Loans ("Plaintiff") Notice of Motion and Motion to Remand ("Motion"). [Docket No. 6.] Plaintiff filed this action in San Bernardino County Superior Court for "Unlawful Detainer Following Foreclosure Sale CCP Section 1161a(b)(3)." Pro se Defendant Monique Quinones ("Defendant") removed to federal court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and "civil rights" jurisdiction pursuant to 28 U.S.C. § 1443.[1] Plaintiff filed the present Motion seeking remand to San Bernardino County Superior Court. The Court deemed the Motion appropriate for decision without oral argument and took the Motion under submission.

Plaintiff's sole cause of action here is an unlawful detainer claim. Removal is only proper in a case where the district court would have had original jurisdiction. 28 U.S.C. §1441. "A case may not be removed to federal court on the basis of a federal defense." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987) (absent diversity jurisdiction, federal question jurisdiction must exist on the face of the complaint); *Gulf Offshore Co. v. Mobile Oil Corp.*, 453 U.S. 473, 478 (1981); *ELRE Holdings, LLC v. Johnson  No.* CV 10-06861, 2010 WL 4393268, *1 (C.D. Cal., Nov. 1, 2010) (Morrow, J.). Federal question jurisdiction does not exist here because the sole cause of action stated in the complaint arises under California state law.

---

[1]     The Court need not consider whether diversity jurisdiction exists. (*See* "Quinones' Opposition to Plaintiff's Motion to Remand" at 2:18-20 ("The requirements of diversity jurisdiction and the related amount in controversy are not applicable").

UNITED STATES DISTRICT COURT      JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 12-CV-01047 CBM (SP) | Date | December 13, 2012 |
|----------|----------------------|------|-------------------|
| Title    | *MetLife Home Loans, a division of MetLife Bank, N.A. v. Monique Lauren Quinones, et al.* | | |

     Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand this action to San Bernardino County Superior Court.

     **IT IS SO ORDERED.**

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | JL | | |